■ EDWARD H. PATTERSON, JR., Plaintiff, v. THOMAS WARNER, Defendant and Third-Party Plaintiff-Respondent. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY OF WISCONSIN, Third-Party Defendant-Appellant.— Appeal by third-party defendant from an order of the Supreme Court, Special Term, Albany County, which denied a motion to dismiss the third-party complaint (1) as insufficient and (2) as barred by the six-year Statute of Limitations. Plaintiff sues for moneys loaned. Defendant's answer consists of general denials. His third-party complaint alleges that the loan was, in fact, made by plaintiff to plaintiff's and defendant's then employer, whose liabilities were later assumed by third-party defendant; and that if plaintiff recovers " on the ground that the defendant was chargeable for the said sum of $500.00 as a loan and advance from the plaintiff ", the third-party defendant is or may be liable to third-party plaintiff for the amount recovered. Plaintiff's action was commenced within six years after the alleged due date of the loan. The third-party complaint, however, appears to have been served more than six years after whatever transaction was had by plaintiff and defendant, or one of them, with the former employer. The pleading is defective, in the first instance, in failing to allege that the moneys which came to third-party plaintiff's hands were paid by him to the employer or expended for the employer's benefit. Of greater moment, however, is the questionable basis upon which third-party defendant has been impleaded. As to this, we find untenable the third-party plaintiff's theory that the facts pleaded support the legal conclusion of a right on his part to indemnification. Neither do we find any other ground warranting third-party action. If the transaction was, as third-party plaintiff pleads, a simple loan from plaintiff to the employer, the proceeds passing through his hands merely for convenience, there exists no liability on his part and there could be no implication of, or occasion for, indemnity. In our view, no theory of indemnification, of guaranty or of suretyship could be compatible with the facts pleaded, and the allegations of the third-party complaint itself seem to us to negate any theory except the complete absence of liability on the part of the third-party plaintiff. Order reversed and motion to dismiss third-party complaint granted, with $10 costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.

■ HARRY A. REOUX, Respondent, v. ADELIA H. REOUX, Appellant.— Application for an order confirming the report of the Referee in the above entitled matter, fixing his fees therein, and also for an order directing final judgment. Application granted, and, upon his own request, the Referee's fees are fixed at the sum of $25. Foster, P. J., Bergan and Halpern, JJ., concur; Gibson, J., not voting.